UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA ex rel.
JENNIFER MASSEY,

        Plaintiffs,                              Case Number 18-11441

v.                                                Honorable David M. Lawson

FAMILY FOOT CARE CENTER, P.C. and
GARY L. KLEIN, D.P.M.,

        Defendants.
_____/

## ORDER UNSEALING THE COMPLAINT AND NOTICE OF INTERVENTION AND SETTING INTERVENOR FILING DEADLINES

On May 9, 2018, plaintiff Jennifer Massey filed her sealed pleadings in this matter raising claims under the False Claims Act (FCA), 31 U.S.C. § 3730, *et seq.* The plaintiff alleges in her complaint that the defendants defrauded the United States government by submitting false claims for Medicare and Medicaid reimbursement. The Court ordered the plaintiff to serve copies of the pleadings and supporting information on the government and initially allowed the government until August 8, 2018 to make a decision whether to intervene. After the Court granted multiple extensions of time for the government to make its election, the government elected on May 24, 2021 to intervene only in part of the matter under 31 U.S.C. § 3730(b)(4). It has declined to intervene and prosecute all other claims in the relator's complaint.

The relator's complaint pleads two counts against defendants Family Foot Care Center, P.C. and Gary L. Klein, D.P.M. In count 1, the relator alleges that the defendants submitted "numerous" "false and fraudulent" claims through Medicare "for payment and approval in violation of 31 U.S.C. § 3729(a)(1)(A)." In count 2, the relator alleges that the defendants used "false records and statements to get false and fraudulent claims paid and approved by the United

States Government in violation of 31 U.S.C. § 3728(a)(1)(B)." Compl. ¶¶ 92-93, 97-98, ECF No. 1, PageID.28-29.

The government has negotiated a settlement with defendant Klein only and has elected to intervene to conclude the settlement. It describes the settlement agreement as follows:

> The United States further contends that it has certain civil claims against Klein arising from Klein's submission of, and his causing the submission of, false and fraudulent claims to Medicare for nail avulsion procedures under CPT Code 11730 and evaluation and management home visits under CPT Code 99349 that were not medically necessary, were not rendered, or were otherwise not reimbursable during the period from January1, 2012 through August 31, 2020. That conduct is referred to below as the "Covered Conduct."

Settlement Agreement, ¶ F, ECF No. 40-1, PageID.218. The settlement agreement does not address either count of the complaint completely.

Once a relator brings an action under the FCA, the government may elect to intervene or it may decline to do so. If the government intervenes, the FCA states that it "shall — (A) proceed with the action, in which case the action shall be conducted by the government." 31 U.S.C. § 3730(b)(4). If it declines, "the person bringing the action shall have the right to conduct the action." *Ibid.* The FCA does not clearly indicate whether the government may intervene to prosecute selected parts of a *qui tam* complaint. Instead, "the government becomes a 'party' to the suit as a whole when it intervenes. It does not become a 'party' to a particular claim or number of claims." *United States ex rel. Bennett v. Biotronik, Inc.*, 876 F.3d 1011, 1020-21 (9th Cir. 2017).

However, although the government becomes a party to the whole action upon intervention, section 3730 does not require that it pursue all of the relator's claims. *Id.* at 1020 (after the government intervenes, the case may include claims that it "chooses not to prosecute or settle."). There is nothing "improper" about the government's decision "to take over only certain claims in a multi-claim action." *United States ex rel. Merena v. SmithKline Beecham Corp.*, 205 F.3d 97,

102 (3d Cir. 2000) (Alito, J.). The government also may choose which parties against whom it wants to proceed. *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 449 n.1 (5th Cir. 1995). If the government decides not to pursue certain claims or parties, the relator may take up the case as to those claims and parties. *Ibid.*

Accordingly, it is **ORDERED** that the relator's complaint (ECF No. 1) and the government's notice of election to intervene (ECF No. 40) be **UNSEALED**. All other previously sealed filings in the case shall remain **UNDER SEAL**.

It is further **ORDERED** that no newly filed papers in this case shall be placed or filed under seal after the date of entry of this order, except upon leave granted by the Court.

It is further **ORDERED** that the relator must serve the summons and complaint on the defendants **on or before June 23, 2021** and file certificates of service.

It is further **ORDERED** that the United States of America shall file an intervenor complaint or, at its option, a notice of dismissal or motion to approve a settlement **on or before June 30, 2021**, and the government then forthwith must serve its intervenor complaint on the defendants and file a certificate of service.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: June 15, 2021